IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

JESSE M. BOWERS )
)
v. ) No. 3-01-0488
) JUDGE CAMPBELL
SHEET METAL WORKERS' )
NATIONAL PENSION FUND )

MEMORANDUM

I. Introduction

Pending before the Court are the Plaintiff's Motion For Judgment On The Administrative Record (Docket No. 100), and the Defendant's April 18, 2007 Motion For Summary Judgment/Judgment On The Administrative Record (Docket No. 103). The Court heard oral argument on the Motions on July 13, 2007. For the reasons set forth below, the Motions are DENIED, and this matter is remanded to the Defendant to exercise its discretion as to the application of Section 4.02 of the Plan.

II. Factual and Procedural Background

The factual and procedural background of this case is set forth in the most recent decision of this Court issued on September 8, 2005 (Docket Nos. 82, 83) and the opinion of the Sixth Circuit Court of Appeals vacating and remanding that decision (Docket No. 88). The Sixth Circuit's opinion summarized the facts as follows:

> Bowers was employed as a sheet metal worker during the 1970's and 1980's. He sustained serious injuries when he fell from some scaffolding on September 11, 1986. Thus, Bowers applied for disability benefits under his union's ERISA plan in 1987, alleging that he became totally disabled on September 11, 1986.
>
> The defendant initially found that Bowers became disabled on the date that he was injured and that he was not eligible for benefits because he did not have fifteen years of pension credit, as required by § 5.10(a)(2) of the ERISA plan. The district court rejected this rational and remanded the case to the defendant for

the determination of a disability onset date that fell after January 1, 1987, when an amendment to the ERISA plan took effect. Under the amendment, a claimant is required to have only ten years of pension credits, rather than fifteen.

>The defendant continued to assert that Bowers became disabled on September 11, 1986, the date of his accident. However, to comply with the district court's order on remand, the defendant determined that Bowers became disabled in May of 1988. It also found that he was not entitled to benefits because he had not worked 435 hours within two years of that date, as required by § 5.10(a)(4) of the plan. Bowers filed an amended complaint in which he challenged the denial of benefits on this new ground. However, the district court awarded summary judgment to the defendant on November 8, 2005.

(Order, at 1-2 (Docket No. 88)).

The Sixth Circuit went on to hold that this Court should have affirmed the Defendant's initial finding that the Plaintiff became disabled on September 11, 1986, and explained that there was no dispute that the Plaintiff had satisfied the 435-hour requirement of § 5.10(a)(4) of the Plan. The Sixth Circuit also ruled that this Court should have considered the Plaintiff's contention that he also met the requirements of § 5.10(a)(2) of the Plan that he have fifteen years of pension credit. The Sixth Circuit remanded the case "for further proceedings on the issue of whether Bowers has satisfied the fifteen-year pension credit requirement of § 5.10(a)(2) of the ERISA plan." (Order, at 5).

### III. Analysis

Plaintiff argues in his pending Motion that the Trustees of the Plan should have exercised their discretion under Section 4.02(d) to award him the two service credits he needs to satisfy the fifteen-year service requirement. Section 4.02(d) states, in pertinent part:

>Past Service Credit as described above shall be granted as a matter of right for applicable periods of time worked in Covered Employment prior to an employee's Contribution Date. It is recognized, however, that it may be difficult for many, if not most, employees to furnish adequately documented proof of time worked in Covered Employment prior to their Contribution Dates. Consequently, the Trustees, in their sole discretion, may presume that an employee who was a member of the Participating Local on his Contribution Date was engaged in

> creditable service and worked 150 days in Covered Employment during each consecutive year of apprenticeship and membership prior thereto.
>   Months of Past Service Credit shall be granted on a proportional basis based on days of employment, earnings or months of union membership or apprenticeship.

(2004 AR 00083).

The Defendant argues that because the Plan had actual earning records for the period in question, any exercise of discretion under this Section to award additional service credits would be inappropriate.

Defendant admits that the Trustees have not considered whether to exercise their discretion under this Section, and contends that the Court should itself determine that the exercise of discretion under this Section is inappropriate. Plaintiff contends that the Court should itself award past service credits under this Section.

The Court disagrees with the parties, and concludes that the Trustees should make the initial decision as to whether to exercise their discretion under Section 4.02 and award benefits to the Plaintiff. Thus, the Court remands this matter to the Defendant to make this determination. See, e.g., Cooper v. Life Ins. Co. of North America, 486 F.3d 157, 171 (6th Cir. 2007).

It is so ORDERED.

_____
TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE